IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:07CR95 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| **DEVIN QUALLS,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 8). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement provides that the government recommends an approximate loss amount of $13,528.69 for purposes of the sentencing guideline calculation, and the exact amount of $13,528.69 for restitution purposes. The plea agreement also states that the Defendant disagrees with those amounts and reserves the right to contest the amounts at sentencing. (Filing No. 4, ¶¶ 14-16.) The PSR reflects a loss for guideline and restitution purposes of $14,836.81. (PSR, ¶¶ 24, 81.) The Defendant objects to the loss amounts and to the 2-level upward adjustment[1] pursuant to U.S.S.G. § 3B1.3 for abuse of a position of trust reflected in the PSR at ¶ 26.

---

[1]The Defendant objections to "the prosecution's version of the offense in ¶¶ 6-9 and 12-17." (Filing No. 8.) The objections to ¶¶ 6-9 are objections to the government's version of the offense, and these objections are denied as the Court is not at liberty to alter a party's version of the offense. Paragraphs 12-17 are outside the version of the offense, and they may be addressed in conjunction with the other objections at sentencing.

The Defendant's objections to the loss amount for guideline and restitution purposes, and to the upward adjustment for abuse of trust, will be addressed at sentencing.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 8) will be addressed at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 11th day of May, 2007.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge